Connelly v. Sullivan.

## Connelly v. Sullivan.

1.  APPEALS—*Probate of Will.*—A party was appointed executor in a will duly probated. Afterward another will of a later date, in which he was not named, was discovered and admitted to probate. *It was held,* that he might appeal from the probate of the last will, as it took from him the office of executor under the first one.

2.  INSTRUCTIONS—*Improper Use of the Word "Satisfy," etc.*—When the result of a case depends upon whether the jury believe the witnesses for one party, it is a fatal error to instruct them that such party must satisfy the jury by a preponderance of the evidence, etc., the word satisfy being too strong a word to apply to the state of mind upon which the jury may act.

Memorandum.—Probate of will. Appeal from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in this court at the October term, 1893. Reversed and remanded. Opinion filed December 21, 1893.

The statement of facts is contained in the opinion of the court.

EDWARD O. TOWNE, RICHARD T. TOWNE, and ABRAM E. MABIE, attorneys for appellant.

W. A. FOSTER and W. A. CUNNEA, attorneys for appellee.

OPINION OF THE COURT, GARY, J.

On the 16th day of March, 1892, Bridget Connelly made a will, about which there is no dispute, appointing the appellee executor. This will was probated the following December, she having died in November.

In January, 1893, another supposed will, dated July 22, 1892, was admitted to probate, in which the appellee was not named. From this last probate he appealed to the Circuit Court, and was there successful.

The first question in the case is whether the Circuit Court ought to have dismissed the appeal from the Probate Court, on the motion of the then appellee, now appellant.

The now appellee is not entitled as heir or distributee to any part of the estate of Bridget Connelly, and nothing was devised or bequeathed to him by the will of March. It required him to sell all her estate and distribute the proceeds, but this conferred only a naked power without interest. 4 Kent, 320; 18 Am. & Eng. Ency. of Law, 890. It would seem very doubtful whether the present appellee is a " person interested in such will " (Sec. 14, Wills) who might appeal from the probate of the last will, even if such probate did take from him the office of executor under the first one; but *communis opinio* is evidence of what the law is. Broom Leg. Max. 140.

In Doran v. Mullen, 78 Ill. 343, and Matter of Page, 118 Ill. 576, the Supreme Court considered on their merits cases in which appeals were taken from probates of wills, by administrators, under letters issued before the wills were discovered.

No question was made in either of these cases on the right to appeal, and the only significance of the cases is that the right to appeal was not questioned. We hold that he had the right to appeal.

Several rulings upon evidence are complained of by the appellant, but as any discussion of them would be of no general benefit, we content ourselves with saying that we

find no errors in them. There is, however, fatal error in an instruction as follows:

1. The jury are instructed that in this case the burden of the proof is upon the party offering the will in controversy for probate, and such party must furnish the preponderance of evidence to establish the validity of the will in controversy; and they must satisfy the jury, by a preponderance of the evidence, that the person who executed the instrument in controversy was Bridget Connelly and no other person, and if the jury believe from the evidence that some person executed the will in controversy in the presence of the witnesses whose names are signed to said instrument, and that such person at the same time declared and published the instrument to be her last will and testament, yet, if the jury are not satisfied that the person who executed said instrument was the deceased Bridget Connelly, they will not be justified in finding that said instrument is the last will and testament of said Bridget Connelly.

The result in the case depended upon whether the jury believed the witnesses for the appellant. If they told the truth the will of July was proved. As construed by the Supreme Court, "satisfy" and "satisfied" are words too strong to be applied to the state of mind upon which jurors may act.

The cases are collected in Gooch v. Tobias, 29 Ill. App. 268. The judgment of the Circuit Court is reversed and the cause remanded to that court.