ELIZA F. CONZET et al. Appellants, vs. NETT HIBBEN et al. Appellees.

*Opinion filed April 20, 1916.*

1. PARTIES—*who are proper parties to proceeding to probate a second will.* Where a will leaving all of the testator's property to his widow in fee is probated, the widow dies testate and her will is probated, the executors of her will are proper parties to a proceeding to probate an instrument which appears to be a later will of the testator leaving his property to his wife for life, only.

2. WILLS—*when heirs are estopped to seek probate of later will.* If the heirs of the testator, with knowledge of the existence of the testator's last will, consent to the probate of an earlier will leaving all of the testator's property to his widow in fee, and the latter dies leaving a will that is also probated, such heirs are estopped subsequently to seek to probate the later will.

3. SAME—*practice where consent to probate of an earlier will is obtained by fraud or mistake.* Where the consent of the heirs to the probate of a will leaving all of the testator's property to his widow is obtained by fraud or mistake and without their knowledge of the existence of a later will leaving the property to the widow for life with remainder to the testator's heirs, the heirs are entitled, upon proof of the facts, to have the later will admitted to probate, even though the statutory time for contesting the earlier will and setting aside its probate has expired; but they must do so in one proceeding setting up the facts and seeking to set aside the earlier probate for the fraud or mistake, and not merely by petition seeking only to probate the later will.

4. PRACTICE—*record of court may be called to its attention without filing a plea.* In a proceeding to probate an alleged will in the same court in which another will of the same testator has been probated the record of the probate of the earlier will may be called to the court's attention without filing a plea.

APPEAL from the Circuit Court of Cumberland county; the Hon. WALTER BREWER, Judge, presiding.

W. E. REDMON, and W. H. McDONALD, for appellants.

LEVI N. BREWER, EDWARD C. CRAIG, and DONALD B. CRAIG, for appellees.

Mr. CHIEF JUSTICE FARMER delivered the opinion of the court:

This is an appeal from a judgment of the circuit court of Cumberland county affirming a judgment of the county court of said county refusing the probate of an instrument alleged to be the last will and testament of Charles Conzet, deceased.

Charles Conzet died December 10, 1912, leaving surviving him a widow, Louisa C. Conzet, and Edward Conzet, J. C. Conzet, John Conzet, Eliza Conzet and Henrietta Meeker, his brothers and sisters, as his next of kin and only heirs-at-law. At the January, 1913, term of the county court of Cumberland county an instrument bearing date of February 21, 1896, was admitted to probate as the last will and testament of Charles Conzet, deceased. By the terms of such will all testator's property was given in fee simple to his widow, Louisa C. Conzet. The widow was named as executrix without bond, but she waived her right so to act and the court appointed Ed. E. Elstun to act as administrator with the will annexed. The widow and all the brothers and sisters of testator, being all the heirs-at-law and next of kin, filed in the probate court their written appearance and consent that the will be probated at that term without further notice to them. The estate was administered by said Elstun, his final report filed and approved, and he was discharged November 9, 1914. The widow, Louisa C. Conzet, died testate September 9, 1914. Her will was admitted to probate and her executor and executrices are now settling her estate. At the June, 1915, term a bill was filed in the circuit court of Cumberland county to "set aside or construe the will" of Louisa C. Conzet. All the brothers and sisters of said Charles Conzet, deceased, together with the heirs of said brothers and sisters who had died since the death of said Charles Conzet, were made parties to such proceeding. The court sustained and construed the said

will of Louisa C. Conzet, the terms and provisions of which need not here be noticed.

August 13, 1915, appellants, Eliza Conzet and Howard D. Conzet, the former being a sister of Charles Conzet, deceased, filed their petition in the probate court of Cumberland county to have probated an instrument bearing date June 18, 1907, as the last will and testament of Charles Conzet, deceased. By the terms of this instrument the widow, Louisa C. Conzet, was given a life estate in the property of her husband, and the remainder at her death, after the payment of debts that might then be owing by her, was to go to the testator's brothers and sisters in equal parts. The testator's brother John Conzet and his sister Eliza Conzet were named executor and executrix, respectively, of the will, which was witnessed by Hallie Brady and Daisy D. Himes. The matter of the probate of said instrument came on to be heard September 6, 1915, when the executrices and executor of the will of Louisa C. Conzet, deceased, appeared and upon leave granted were made parties and filed a paper denominated a plea, setting up the will of Charles Conzet, deceased, dated February 21, 1896, and the order admitting the same to probate at the January, 1913, term, and the record of the court with reference to the probate of said will; also the death of Louisa C. Conzet, testate, a copy of her will showing the appointment of Nett Hibben, Bonnie Kelly and Ed. E. Elstun as executrices and executor thereof, and reciting said executrices and executor have accepted said office and were then executing said will and testament. The "plea" also recited the filing of the suit in the circuit court to contest or construe the will of Louisa C. Conzet, in which proceeding all the brothers and sisters of Charles Conzet, deceased, were made parties defendant; that the order admitting the will of Charles Conzet dated February 21, 1896, to probate at the January, 1913, term, had never been set aside, and that the time within which the order allowing the probate of such will could be set aside on appeal to the cir-

cuit court or by a bill filed in the circuit court to contest the same had gone by, and that there could not be two last wills and testaments, and therefore the paper presented bearing date of June 18, 1907, should not be admitted to probate. The probate court, after a hearing, in which proof was made of the facts set forth in the alleged "plea," entered an order refusing the probate of the said instrument, and thereupon an appeal was taken to the circuit court of said county. The "plea" of the executrices and executor of the last will and testament of Louisa C. Conzet, deceased, filed in the probate court, was allowed to stand in the circuit court over the objections of appellants that the same should be stricken on the ground that such executrices and executor were not proper parties in the proceeding to probate the will, being neither heirs-at-law nor legatees under the will, and that the circuit court, on appeal from the county court, had no jurisdiction to hear or try any matter except the question whether the paper produced was the will of Charles Conzet, deceased, and properly executed by him. On the hearing in the circuit court Daisy D. Himes testified to the execution of the instrument dated June 18, 1907. The other subscribing witness, Hallie Brady, was dead, but six or seven witnesses testified the signature appearing on the instrument was her signature. The record of the probate court admitting the former will, dated February 21, 1896, to probate, was introduced in evidence by the executrices and executor of the will of Louisa C. Conzet. The circuit court denied admission of the 1907 will to probate, and this appeal is prosecuted from such order.

The executrices and executor of the will of Louisa C. Conzet were interested in the application to probate the 1907 will, and it was not improper to allow them to be made parties. (*Mosser* v. *Flake,* 258 Ill. 233.) Whether the so-called plea was a proper pleading or not, it worked no injury to the appellants. The record of the probate of the

former will could have been called to the court's attention without filing the plea.

The appellants' view of the law and the procedure in cases of this character is, that they were not required to first procure the setting aside of the probate of the prior will nor to ask that the prior judgment admitting the prior will to probate be set aside in the same proceeding in which admission to probate of the second will is asked, but that when they made proof of the execution of the later will in accordance with the requirements of the statute it was the duty of the probate court to admit it to probate, and then by another proceeding, either by motion in the probate court or by bill in chancery, they could have the prior order of probate annulled and set aside. If appellants are correct in this position the judgments of the probate and circuit courts are erroneous. So far as we are advised the question has never been passed upon in this State. In *Schultz* v. *Schultz,* 10 Gratt. 358, (60 Am. Dec. 335,) the question was discussed at considerable length. It was held in that case that where a later will contains an express clause of revocation of a former will or makes a disposition of the testator's property incompatible with a former will which has been admitted to probate, the probate court should admit the later will, leaving it to have such effect as the law would necessarily attach to it, without by some proceeding first setting aside the probate of the prior will. In *Cousens* v. *Advent Church of Biddeford,* 93 Me. 292, it was held that the prior probate of an earlier will does not preclude the probate of a later will, and if the later will revokes the former upon its probate, the court authorized to admit wills to probate has authority to revoke the former decree so far as to give effect to the last will. While the courts that decided those cases are recognized as courts of great ability, we are not sufficiently impressed with the reasoning in support of the conclusions reached as to be willing to adopt the rule laid down in those cases.

It is not contended by appellants that the simple admission to probate of the later will *ipso facto* revokes the judgment of probate of the former will but it is conceded some other action would be required to be instituted, either by motion in the probate court or by bill in chancery, to revoke the former judgment of probate. Here the will sought to be probated not only makes a disposition of the testator's property inconsistent with the prior will, but it contains an express revocation of all former wills made by the testator. The two wills could not stand at the same time. If the estate is to be administered under the later will then the probate of the former must be set aside, and it seems to us the better practice would be to ask that the former judgment of probate be set aside at the same time the application is made and passed upon for the probate of the later will. This question was passed upon by the Supreme Court of Rhode Island in *Bowen* v. *Johnson*, 5 R. I. 112, (73 Am. Dec. 49.) The court said: "Now, it would seem to be quite congruous with the statute mode of conferring this power of revoking the old probate, to-wit, as incidental to the power of taking probate of the later will when discovered, for the court to exercise this power of revocation as incidental to the new grant of probate, rather than to make it necessarily the subject of preliminary and separate action. Such a practice would save the delay and expense of double proceedings and enable the court to revoke or modify the old probate, as the old will utterly conflicted or was capable of partially standing with the new one. Notice of the petition for the probate or for filing and recording of the new will must necessarily be given to the parties interested under the old one, and the prayer of such a petition incidentally involves the revocation of the probate of the will of prior date so far as such will conflicts with the provisions of the will of later date. We can perceive no danger of confusion or injustice in allowing this double but dependent duty to be performed by the court upon a mere petition

272 — 33

for the probate of the later will, and its simplicity and directness commend it, as a matter of practice in other respects, to our favor."

The rule laid down in the above case and the reasoning in support of it appeal more strongly to our judgment than the rule in the cases first referred to. The determination of the correct rule in this respect is of the utmost importance in this case, for in our view the decision depends upon that question. All of the next of kin and heirs-at-law of Charles Conzet, the testator, were made parties to the proceeding for the probate of the prior will. They entered their appearances in writing in that proceeding and consented to the probate of the will. They now ask to be relieved from the effect of the judgment they consented to. If they knew of the existence of the later will at the time they consented to the probate of the former, we are of opinion they are now estopped to ask to be relieved from the consequence of their own acts. If their consent to the probate of the former will was procured by fraud or through mistake this should have been shown by proof, and upon that subject there is no proof whatever. There is some proof tending to show that the widow of the testator knew he had executed another will, but there is no proof that appellants and the heirs of testator had no knowledge of it. It was not shown that the widow knew the later will was in existence when the former was probated, nor is it shown where the later will was from the time of the death of the testator until offered for probate nor when knowledge of its existence first came to the parties interested in seeking its probate. The making of such proof would not be in violation of the rule governing the proof competent to be heard upon the application of the admission of a will to probate, either in the probate court or in the circuit court on appeal. Such proof would only go to the purpose of showing the admission of the first will was procured by fraud or mistake and not to the establishment of the due execution of the later

will. Conceding that the later will is, so far as shown by the proof, the valid last will and testament of Charles Conzet, deceased, if his heirs, with knowledge of its existence, aided in procuring the probate of the former will they ought not to be heard now to ask that its probate be set aside. The grounds upon which the probate court may exercise its jurisdiction to revoke a former judgment of probate are fraud and mistake, and it seems to us the burden is upon those asking to have the former judgment of probate set aside to show that it was procured through fraud or mistake. That a party may by his conduct estop himself from procuring the probate of a subsequent will is supported by *In re Lyman,* 36 N. Y. Supp. 117, and *Foote* v. *Foote,* 61 Mich. 181. We think, also, the general rules governing the doctrine of estoppel are applicable under the circumstances of this case. The only purpose to be served by the admission of the later will to probate would be the disposition of the testator's estate according to its provisions. To effect this purpose it will be necessary to revoke the former probate, and we can see no good reason for instituting two separate proceedings to accomplish that purpose. The same proof would be required in a separate proceeding to set aside the probate of a former will as in the proceeding with reference to the application to admit the later will to probate. If the probate court had admitted the later will it would be incumbent upon those interested in its provisions, if they instituted a separate proceeding to revoke the former judgment of probate, to show that their consent to that judgment was procured through fraud or mistake, and it does not seem logical or necessary to require a separate proceeding for that purpose. If we are correct in these conclusions it necessarily follows that the probate and circuit courts did not err in refusing to admit the later will to probate.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*