In re Estate of Carrie W. Hills, Deceased, on Appeal from the Probate Court of Cook County.
Wilbur Glenn Voliva, Individually and as General Overseer of the Christian Catholic Church in Zion, Appellant, v. Corinne T. Tennon, Executrix, Appellee.

Gen. No. 40,887.

194

Heard in the first division of this court for the first district at the October term, 1939. Opinion filed May 20, 1940. Rehearing denied June 3, 1940.

WHAM & O'BRIEN, of Chicago, for appellant; FRANK T. O'BRIEN and EDWIN W. BURCH, both of Chicago, of counsel.

J. ERNEST WILKINS and WILLIAM H. HAYNES, both of Chicago, for appellee.

MR. PRESIDING JUSTICE MATCHETT delivered the opinion of the court.

Wilbur Glenn Voliva, overseer, etc., appeals from an order of the circuit court of Cook county, entered June 6, 1939, which dismissed an appeal taken by him from an order of the probate court entered April 28, 1938, admitting to probate a will of Carrie W. Hills. The will in question was executed April 27, 1937. May 16, 1938, Mr. O'Brien, attorney for Mr. Voliva, filed an affidavit in the probate court in which it was asserted that Voliva was named executor in a will of Carrie W. Hills dated November 7, 1931, a copy of which alleged will had been filed with the clerk of the probate court May 13, 1937. Mr. Voliva at that time by filing a bond perfected an appeal to the circuit court from the order of April 28, admitting to probate the will of Mrs. Hills executed April 27, 1937. This will named Corinne T.

Tennon executrix and residuary legatee. The prior will of November 7, 1931, named Voliva executor and residuary legatee. We shall hereafter refer to these two wills as the "Tennon will" and the "Voliva will."

Carrie W. Hills, it appears, died March 8, 1938, at the age of 96 years. On August 26, 1937, Mrs. Hills was adjudged incompetent by the probate court and her estate (consisting of $25,000 in cash) was placed in the hands of the public guardian, who is now acting as administrator to collect of the Hills estate.

April 28, 1938, Voliva filed in the circuit court his bill to contest the Tennon will. Tennon appeared and filed her motion to dismiss in conformity with section 48 of the Civil Practice Act (Smith-Hurd Ann. Stats., ch. 110, sec. 48 of the act; § 172 of the statute [Jones Ill. Stats. Ann. 104.048]). The ground for the motion was that Voliva was not an interested party within the meaning of section 7 of the Wills Act (Ill. Rev. Stat. 1939, p. 3188 [Jones Ill. Stats. Ann. 110.219]). Affidavits for and against the motion were submitted, and October 14, 1938, the circuit court (JUDGE BROTHERS) entered an order sustaining the motion and dismissing the bill. No appeal has been taken from that order. The order found that the alleged will of Carrie W. Hills, dated November 7, 1931, had been destroyed by the testator with the intention to revoke it.

November 15, 1938, the circuit court, in the matter of the appeal from the probate court, entered an order granting leave to Corinne T. Tennon to file her motion to dismiss the appeal of Voliva from the probate court. The motion was filed based on the theory that the overseer was not an heir at law or next of kin of the deceased and was without legal capacity to prosecute the appeal in that he was not a person interested in the will within the meaning of section 14 of the Wills Act (Ill. Rev. Stat. 1939, ch. 148, § 16, p. 3190 [Jones Ill. Stats. Ann. 110.228]). Voliva made a motion to expunge the order of November 15, 1938, giving leave to

file the motion to dismiss on the ground that the motion, being under section 48 of the Civil Practice Act (Ill. Rev. Stat. 1939, ch. 110 [Jones Ill. Stats. Ann. 104.048]), was not applicable to appeals to the circuit court from the probate court. Affidavits for and against the motion were submitted. One of these (by Elder Wright) averred that the Voliva will had been found and filed in the office of the clerk of the probate court with a petition for letters testamentary, hearing on which had been continued generally. No testimony in open court was taken on the Tennon motion to dismiss the Voliva appeal. The matter was considered wholly on the records of the court and affidavits. The record of the circuit court was produced showing Voliva's suit against Tennon et al., to contest the Tennon will and its dismissal on motion by JUDGE BROTHERS on October 14, 1938, upon a finding that the Voliva will had been destroyed by the testator with intention to revoke it and that Voliva was not a person interested within the meaning of section 7 of the Wills Act (Ill. Rev. Stat. 1939, ch. 148, p. 3188 [Jones Ill. Stats. Ann. 110.219]).

On June 6, 1939, the circuit court denied the motions of Voliva and sustained the Tennon motion to dismiss, and this appeal followed.

The right to probate the will of a deceased person or to contest the same when presented for probate or to appeal from an order admitting such will to probate are all rights which are purely statutory. *Selden v. Illinois Trust & Savings Bank,* 239 Ill. 67, 87 N. E. 860, 130 Am. St. Rep. 180; *Robertson v. Yager,* 327 Ill. 346, 158 N. E. 709. Chapter 148, §§ 1–23 inclusive, Smith-Hurd Ann. Stats. [Jones Ill. Stats. Ann. 110.213–110.237] are applicable to this proceeding. This act has, however, been superseded as to future cases by the Act of July 24, 1939, effective January 1, 1940. (See Laws of Illinois, 1939, p. 4.) Section 7 of the old act provides in substance that when a will has been ad-

mitted to probate "any person interested in the will" may within one year thereafter file a bill in chancery to contest the validity of such will. Section 14 of the act provides that appeals may be taken from an order allowing or disallowing any will for probate to the circuit court by "any person interested in such will" in the same time and in the same manner as appeals may be taken from justices of the peace.

In *Selden v. Illinois Trust & Savings Bank*, 239 Ill. 67, it was decided that the right granted under section 7 would not survive to the heir or personal representative. Thereafter, section 7 was amended but section 14, which uses language in substance the same, was not amended and this is significant.

Voliva, overseer, says in his brief that the "principal question on the appeal therefore is whether one not an heir at law who was named executor and beneficiary under an earlier will of a decedent, not admitted to probate, may prosecute in the circuit court an appeal from an order of the probate court, admitting a later will to record." It is said the precise question has never been raised before in courts of review in this jurisdiction, but it is urged that decided cases hold such a party under such circumstances may contest a later will depriving him of his legacy.

It is argued it was the intention of the legislature to provide the contestant of a will with two concurrent remedies. *O'Brien v. Bonfield*, 220 Ill. 219, is relied on. An examination of that case discloses the statement is not accurate or complete. In the *O'Brien* case the last will and testament of Mary A. Williams was admitted to probate, and one of the heirs at law appealed to the circuit court. The appeal was taken October 22, 1903. March 27, 1904, the circuit court entered an order that the will be admitted to probate and so certified to the county court. O'Brien appealed to the Supreme Court where the order of the circuit court was affirmed February 7, 1905. This order was filed in the county court on

March 6, 1905. April 11, the heirs filed a bill in the circuit court to contest the will of Mrs. Williams on the ground of undue influence. April 17, 1905, Michael G. O'Brien, who had appealed from the order of the probate court, filed a cross-bill averring the same facts as the bill and asking the same relief. Demurrers were interposed on the theory that the suit was not brought within one year from the time of the probate of the will in the county court, as was required by statute. The demurrers were sustained, the bill dismissed and the heirs appealed to the Supreme Court, which reversed the decree pointing out that a chancery court independently of the statute was without jurisdiction to entertain a bill to contest a will, and that the probate of this will was not final and complete until the certified copy of the order of the circuit court had been filed in the county court; further, that the bill to contest was, therefore, filed within the statutory time. The opinion goes on to say that if the appeal to the circuit court had resulted in an order refusing to admit the will to probate, and this order upon appeal to the Supreme Court had been affirmed, there would have been no reason to file a bill to contest the will. It is true this case shows that a contestant has two remedies, but also that the remedies are neither necessarily concurrent nor equally effectual.

The precise question for decision here under the facts is, whether the executor and beneficiary under a prior will (the later will having been admitted to probate while the first has not) in a case where the beneficiary and executor of the first will have filed a bill in chancery to contest the last will (which bill, after a hearing, has been dismissed for the reason that the first will in order of time had been destroyed by the testator with intention to revoke it) has an interest which will permit him to maintain an appeal to the circuit court from an order admitting the last will in order of time to probate.

The cases are all to the effect that the interest which will confer the right of appeal must be a direct as distinguished from an indirect interest. *Glos v. Glos*, 341 Ill. 447. Voliva, overseer, clearly has no direct interest in the Tennon will. He is not named in it, and he is neither heir nor next of kin.

He relies on *Adams v. First M. E. Church of Irving Park*, 251 Ill. 268; *Connelly v. Sullivan*, 50 Ill. App. 627 and *Quirk v. Pierson*, 287 Ill. 176. In the *Adams* case the probate court had admitted one will to probate and denied probate to the other. There was, therefore, a clear issue as to which was the true will of the deceased. There was no such issue here at the time Voliva perfected his appeal from the order of the probate court nor since. He never pressed to a decision in the probate court the question as to which of the two was the true will of the deceased. He has failed to show (in the probate court, which had jurisdiction) that he has any interest at all. In the chancery suit in the circuit court he has tried out the question of whether he has an interest, and a decree has been entered finding that he has no such interest.

In the *Connelly* case the probate court admitted a later will and the executor in the first will which had been admitted to probate was permitted to appeal. In the *Quirk* case one named as executor in a will which was denied probate was permitted to appeal. These cases are distinguishable.

Manifestly, Voliva was not interested in the Tennon will within the meaning of the statute at the time he took his appeal. The brief attempts to raise the question as to whether the Civil Practice Act is applicable to appeals in the circuit court from the probate court. In so far as the suit in chancery in the circuit court to contest the Tennon will is concerned and the decree entered there, that question cannot now be raised since no appeal was taken from the order entered and it cannot now be attacked collaterally in this proceeding. *Stoll*

*v. Gottlieb*, 305 U. S. 165. The pleading on the appeal from the probate court was immaterial. *Conzet v. Hibben*, 272 Ill. 508, 511. We agree that a statute of this kind should be liberally construed to the end that controversies might be settled. Executors undoubtedly have an interest in a will which names them executors, giving them a right to appeal. *Conzet v. Hibben*, 272 Ill. 508. The Tennon will did not name Voliva executor or beneficiary. Manifestly, he could easily have secured an order either admitting to probate or denying probate to the Voliva will which named him as executor, and from such an order he could have appealed to the circuit court and tried out the issue of which was the will of Mrs. Hills. He did not do this. The circuit court was, therefore, without jurisdiction of his appeal, and it was properly dismissed.

*Affirmed.*

O'Connor and McSurely, JJ., concur.