(Nos. 29810, 29811.—)

ROSALIE COWEN, Appellant, *vs.* HARDING HOTEL COMPANY *et al.*—(HARDING HOTEL MANAGEMENT COMPANY, Appellee.)

*Opinion filed March 19, 1947.*

BARNET PEREL, of Chicago, (ARTHUR A. WOLFINSOHN, and GEORGE A. GORDON, of counsel,) for appellant.

VOGEL & BUNGE, of Chicago, (L. H. VOGEL, FORREST S. BLUNK, and RICHARD H. MERRICK, of counsel,) for appellee.

Mr. JUSTICE WILSON delivered the opinion of the court:

July 7, 1944, the plaintiff, Rosalie Cowen, brought an action for personal injuries in the circuit court of Cook county against the Harding Hotel Company and the Harding Hotel Management Corporation, alleging that defendants, or either of them, owned and operated a restaurant at 21 South Wabash Avenue, Chicago, where the alleged injuries occurred. At the same time, plaintiff filed a written demand for a jury trial. Each defendant was served with summons by leaving a copy with A. J. Sinkula, an agent of both corporations. The sheriff's return discloses that the hotel company was served on July 7, 1944, and that the management corporation was served on July 6, 1944, one day before this action was commenced. Thereafter, the hotel company answered plaintiff's complaint. On April 4, 1945, an order was entered defaulting the management corporation for failure to file an answer or make appearance. April 6, 1945, plaintiff waived a jury as to the management corporation, evidence was heard, and a judgment for $7500 was entered in favor of plaintiff and against Harding Hotel Management Corporation.

July 2, 1945, the management corporation filed a motion in the nature of a writ of error *coram nobis* to set aside the default and for leave to file an answer. The affidavit of A. J. Sinkula in support of the motion alleges that the management corporation is a wholly owned subsidiary of the hotel company and has the same officers, agents, and offices as the parent company; that he forwarded both summonses to an insurance company with which the parent company carried public liability insurance, under the mistaken belief that the insurance covered both the hotel company and the management corporation; that the insurance company acknowledged receipt of the summonses and advised the hotel company it would not be necessary for the latter to take any further action, and that the answer of the hotel company was filed in its behalf

by the insurance company but none was filed for the management corporation. The motion was heard and denied on the same day it was filed. On July 5, 1945, the management corporation filed its notice of appeal from the judgment by default entered April 6, 1945, and from the order of July 2, 1945, denying its motion in the nature of a writ of error *coram nobis.*

Four months later, plaintiff filed her petition in the circuit court to amend the judgment order of April 6, 1945, and the sheriff's return of service of summons on the management corporation to show the true fact that the summons was served July 7, and not on July 6, 1944. The management corporation interposed written objections to the motion. On December 27, 1945, an order was entered allowing the amendments and the motion of the management company to strike plaintiff's petition was denied. Again, the management company prosecuted an appeal to the Appellate Court for the First District. Subsequently, the two appeals were consolidated for hearing. On June 26, 1946, the Appellate Court reversed the judgment of the circuit court and remanded the cause to permit the management company to file its answer so that the case may be tried. We have allowed plaintiff's petitions for leave to appeal.

The merits of the present controversy cannot be touched upon without first disposing of the question of the jurisdiction of this court. Only final judgments of the Appellate Court are reviewable here. (Ill. Rev. Stat. 1945, chap. 110, par. 199.) Unless the judgment of that court fully and finally disposes of the rights of the parties to the cause, this court does not have jurisdiction to review it. *Kavanaugh* v. *Washburn,* 387 Ill. 204; *Smith* v. *Bunge,* 358 Ill. 229; *Dowdall* v. *Hutchens,* 347 Ill. 326.) In the present case, the Appellate Court reversed the judgment of the circuit court and remanded the cause, with directions to permit the management company to file its answer so

that the cause may be tried and for such other and further proceedings as to law and justice shall appertain. Because the cause is remanded for further proceedings, the Appellate Court judgment does not finally dispose of the rights of the parties and is not a final and appealable judgment. *People* v. *McArdle,* 370 Ill. 513; *Streeter* v. *Humrichouse,* 357 Ill. 234; *People ex rel. City Council* v. *Board of Education,* 275 Ill. 195.

Plaintiff points out, however, that the Appellate Court heard the cause on the consolidation of two appeals and that, by its two appeals the management corporation sought a review of three orders of the circuit court, namely: (1) the judgment by default entered April 6, 1945; (2) the order of July 2, 1945, denying its motion in the nature of a writ of error *coram nobis,* and (3) the order of December 27, 1945, allowing plaintiff to amend the sheriff's return and the judgment order. A proceeding by motion in the nature of a writ of error *coram nobis* is a new action, and an order to vacate a judgment pursuant to such a motion is final and appealable. (*Christian* v. *Smirinotis,* 388 Ill. 73; *Cramer* v. *Illinois Commercial Men's Ass'n,* 260 Ill. 516; *Mitchell* v. *King,* 187 Ill. 452.) Plaintiff contends that the judgment of the Appellate Court is based principally on the appeal from the order denying the motion in the nature of a writ of error *coram nobis* and that, consequently, this court has jurisdiction.

Plaintiff has misconstrued the decision of the Appellate Court. Its opinion does not specifically state on which of the three orders appealed from the judgment is based. (*Cowen* v. *Harding Hotel Co.* 329 Ill. App. 239.) It is significant that the order of July 2, 1945, is nowhere mentioned in the opinion except in the statement of facts. The Appellate Court sets forth three grounds for its judgment: (1) that the circuit court abused its discretion in allowing the amendment to the sheriff's return without permitting the management corporation to defend on the merits;

(2) that plaintiff had no right to withdraw its jury demand as to the management corporation without notice to its co-defendant, the hotel company, and (3) that the judgment being a nullity until amended, the amendment, in effect, set aside the default. Obviously, none of the reasons advanced relates to the order denying the motion in the nature of a writ of error *coram nobis.* Plaintiff seizes on the fact that the Appellate Court, in holding that the circuit court abused its discretion, recites the same facts set forth by the management corporation in its motion to vacate the judgment. Plaintiff fails to recognize that the management corporation, in support of its motion to strike plaintiff's petition to amend the sheriff's return and judgment order, realleged the same facts previously relied upon in its motion to vacate the judgment. More than this, however, the Appellate Court's opinion as to the circuit court's abuse of discretion relates only to the order allowing the amendments and has no bearing on the proceeding by motion in the nature of a writ of error *coram nobis.*

It is thus apparent that the judgment of the Appellate Court relates to the original action only and is not in any way based upon the motion in the nature of a writ of error *coram nobis.* The *coram nobis* proceeding, while a new and separate action must, of necessity, grow out of the principal action. Where, as here, the judgment of the circuit court in the principal action is reversed by the Appellate Court on an appeal taken in the principal case itself, the latter court has no occasion to consider a simultaneous appeal from the circuit court's order in the *coram nobis* proceeding. By the reversal of the principal judgment on an appeal in the principal case, the motion in the nature of a writ of error *coram nobis* made in this case loses all reason for its existence.

The appeals must be dismissed.

*Appeals dismissed.*