In the Matter of Estate of Stefan Knazek, Deceased. George C. Slifka, Appellant, v. Mary C. Patras, Executrix of Estate of Stefan Knazek, Deceased, and Slovak American Charitable Association, Appellees.

Gen. No. 46,131.

Opinion filed January 11, 1954. Released for publication March 8, 1954.

ROBERT F. JERRICK, of Chicago, for appellant; LEONARD J. BRAVER, of Chicago, of counsel.

RAYMOND H. GROBLE, JR., of Chicago, for certain appellee.

ROSS S. WELCH, and ROBERT S. DIEHL, JR., both of Chicago, for certain other appellee.

MR. JUSTICE BURKE delivered the opinion of the court.

Stefan Knazek died at Chicago on October 31, 1951. On November 7, 1951, a will of decedent dated October 4, 1948, was filed in the probate court of Cook county. George C. Slifka is named as a residuary legatee under that will. On November 21, 1951, another will of decedent dated February 21, 1950, was filed in that court. This will designated Mary C. Patras as executrix and

389

left decedent's estate to the Slovak American Charitable Association, hereinafter for convenience called the association. On November 29, 1951, the executrix filed her petition to admit the later will to probate. Upon a hearing on the petition on January 14, 1952, in which proceeding George C. Slifka participated, through his attorney, the probate court ordered the instrument admitted. On January 17, 1952, letters testamentary were issued to the executrix.

On January 16, 1952, George C. Slifka caused his appeal bond to the circuit court to be approved in open court by the probate judge and on the same day filed the appeal bond in the probate court. In due time he filed a transcript of the proceedings in the circuit court. Slifka did not give any notice to the executrix, the legatee or other persons, of his application for approval of his appeal bond, of the filing thereof or of the filing of the transcript of the proceedings in the circuit court. On September 24, 1952, on motion of the attorney for Slifka, the circuit court entered an *ex parte* decree that the order of the probate court admitting the later will to probate be "vacated, set aside and held for naught." On October 28, 1952, the executrix filed her motion to vacate the *ex parte* order of September 24, 1952.

On November 18, 1952, the association also moved to vacate the order of September 24, 1952, and for trial on the merits. The affidavit of the attorney for the executrix in support of the motion states that neither he nor his client was given notice of the application for approval of the appeal bond; that he and his client first learned of the appeal and the order of September 24, 1952, upon "checking the records" on October 27, 1952; that the lack of notice and knowledge of the appeal was not due to any negligence on the part of affiant or his client; that neither Slifka "nor anyone" sought to have the probate court admit or deny to probate decedent's

390

will dated October 4, 1948, in which Slifka is named as a residuary legatee; and that the court "possessed no jurisdiction over the appeal." A verified petition by the attorneys for the association states that no notice was given to it or to the executrix or their attorneys, as required by Rules 58 and 60 of the Rules of Practice of the probate court, of the application for the approval or the filing of the appeal bond; that Slifka is not entitled to appeal because he "has no direct interest in the will admitted to probate"; that the order of September 24, 1952, is void because the court lacked jurisdiction to grant a trial *de novo;* and that the decree vacating and holding for naught the order admitting the will to probate is a nullity. The petition asked that the order of September 24, 1952, be vacated; that the cause be set for trial "of the issue raised by this appeal"; and that "an actual trial *de novo,* as required by statute, occur." It does not appear how the attorneys for the executrix and the association were able to make affidavits as to the lack of notice to their clients without basing it wholly on hearsay.

On January 15, 1953, the court vacated the order of September 24, 1952, and ordered that there be a "hearing on the merits of the appeal." On February 24, 1953, the court entered an order reciting that the cause came on to be heard on proponent's motion to dismiss the appeal "as contained in the verified petition" of the association on the grounds that the contestant does not have "an appealable interest" and having examined the certified copy of the record and the verified petition of the association, found that the contestant's "only interest" is under a prior will of the deceased under which he is a residuary beneficiary, the prior will not having been admitted to probate, and that the contestant has "no appealable interest" under the later will. The court ordered that the appeal be dismissed and

391

that the cause be remanded to the probate court with directions to admit to probate the will dated February 21, 1950. Slifka appeals.

■ ■ The parties are in agreement that the order of September 24, 1952, setting aside and holding for naught the admission of the later will to probate, is ineffective and irregular. It was not a trial *de novo* and the order, if transmitted to the probate court, would leave the parties where they were when the later will was first filed. The circuit court does not acquire jurisdiction itself to admit a will to probate. It has only power to remand the case to the probate court with directions. This is true even though the will was duly admitted to probate by the court below and letters testamentary were issued and on appeal the circuit court comes to the same conclusion. In this situation the circuit court may not admit the will to probate. It should remand the cause to the probate ·court with directions to admit it to probate. See *Brooking v. Brooking,* 391 Ill. 440; James Illinois Probate Law and Practice, Sec. 333.11, Vol. 5.

■ ■ Appellant points out that the motion to vacate the order of September 24, 1952, was made more than 30 days after entry and that no sufficient showing has been made under section 72 of the Civil Practice Act [Ill. Rev. Stats. 1953, ch. 110, § 196; Jones Ill. Stats. Ann. 104.072]. The executrix and the association say that they made a sufficient showing to authorize the court to vacate the order of September 24, 1952. The record is silent as to whether appellant opposed the motion to set aside the order of September 24, 1952. He did not appeal from that order. A proceeding by motion in the nature of a writ of error *coram nobis* under section 72 of the Civil Practice Act is a new action and the order disposing of such a motion is final and appealable. See *People v. Union Trust Bank,* 406

Ill. 208; *Jerome v. 5019–21 Quincy Street Bldg. Corp.,* 385 Ill. 524. Appellant is not in a position to complain of the order entered January 15, 1953 (vacating the order of September 24, 1952) setting the cause for a hearing on the merits. It is therefore unnecessary for us to pass on the appellant's contention that no notice of the application for approval of the appeal bond in the probate court was necessary.

██ ██ Appellees maintain that one appealing an order of the probate court admitting a will to probate must possess a direct interest in the will; that he must be named in the will or be an heir or next of kin; and that Slifka, as a beneficiary under a prior will, not an heir or next of kin, does not possess an appealable interest from the order of the probate court admitting to probate a later will in which he is not named, citing *In re Estate of Hills,* 305 Ill. App. 193. Section 330 of the Probate Act [Ill. Rev. Stats. 1953, ch. 3, § 484; Jones Ill. Stats. Ann. 110.581] provides for an appeal by any person who considers himself "aggrieved" to the circuit court by the filing in and the approval by the probate court of an appeal bond and the payment of the costs and fees of the appeal. On an appeal from an order refusing to admit a will to probate, the bond shall be for costs only. In the instant case the bond is for $250, conditioned that the appeal shall be prosecuted and the costs paid. The penalty should not have been limited to $250. The error is harmless, however, as that amount is more than sufficient to cover the costs. We are of the opinion that the *Hills* case is not applicable to the instant case. That case was decided under a statute which limited appeals from orders admitting or denying admission of a will to persons interested in the will. In that case Voliva, the appealing party and beneficiary under the former will, filed a contest of the later will, in which case the court ex-

393

pressly found that the prior will had been destroyed and canceled, and that Voliva therefore was not an interested party. No appeal was taken from the order dismissing the complaint to contest the will. The judgment in the will contest case was conclusive against Voliva and was *res judicata* of the fact that the will under which he claimed was no longer in force and effect. Other statements in the opinion were not necessary to the decision.

 In *Connelly v. Sullivan,* 50 Ill. App. 627, two wills of Bridget Connelly were admitted to probate. The person named as executor in a prior will appealed to the circuit court from an order admitting the later will to probate and was there successful. The court said (628):

"The first question in the case is whether the Circuit Court ought to have dismissed the appeal from the Probate Court, on the motion of the then appellee, now appellant. The now appellee is not entitled as heir or distributee to any part of the estate of Bridget Connelly, and nothing was devised or bequeathed to him by the will of March. It required him to sell all her estate and distribute the proceeds, but this conferred only a naked power without interest. 4 Kent, 320; 18 Am. & Eng. Ency. of Law, 890. It would seem very doubtful whether the present appellee is a 'person interested in such will' (Sec. 14, Wills) who might appeal from the probate of the last will, even if such probate did take from him the office of executor under the first one; but *communis opinio* is evidence of what the law is. Broom Leg. Max. 140. In Doran v. Mullen, 78 Ill. 343, and Matter of Page, 118 Ill. 576, the Supreme Court considered on their merits cases in which appeals were taken from probates of wills, by administrators, under letters issued before the wills were discovered. No question was made in either of these cases on the right to appeal,

and the only significance of the cases is that the right to appeal was not questioned. We hold that he had the right to appeal."

In *Adams v. First M. E. Church of Irving Park,* 251 Ill. 268, a legatee under a prior will filed a bill to set aside a later will which purported to revoke the former. The probate court had denied probate of the will in his favor at the time it admitted the later will. In holding that plaintiff was interested within the meaning of the statute the Supreme Court said (270):

"Probate of the first will was denied because there was a later will revoking all former wills, and until the later will should be set aside it would have been useless to appeal. The judgment of the probate court on the merits in allowing or disallowing any will to probate is final and conclusive unless reversed on appeal, (*In the Matter of Storey,* 120 Ill. 244,) but where probate is denied because of the existence of a subsequent will the judgment is not conclusive if the subsequent will is set aside."

The *Adams* case and the case of *Wilson v. Bell,* 315 Ill. App. 418, were brought under the statute allowing will contests to be brought by "any interested person." We believe the reasoning of these cases is applicable to the facts of the instant case. In *Smith v. Chaney,* 93 Supreme Judicial Court of Maine, 214, 44 Atl. 897, appellants were residuary legatees in a prior will that had not yet been presented for probate. They appealed from the order of the probate court allowing probate to a later will, as in the case at bar. The Maine statute allowed an appeal to persons "aggrieved" as in our State. The Supreme Court of Maine held that appellants were aggrieved and could appeal, pointing out that the earlier will gave them rights and interests which became vested upon the allowance of the instru-

ment as a valid will. The Maine court concluded that it would be futile to begin proceedings for the establishment of the earlier instrument until the validity of the later instrument was determined. We find that appellant as a "person who considers himself aggrieved" has a right to appeal from the order admitting the will to probate. It cannot be doubted that as a residuary legatee under the prior will he would be aggrieved by the admission of the later will which is silent as to him.

Appellees urge that there was a hearing on the merits in the circuit court on February 24, 1953. The case of *Bley v. Luebeck*, 377 Ill. 50, contains an illuminating discussion as to the issues and the evidence in a trial *de novo* from an order admitting or denying admission of a will to probate. It points out that the trial *de novo* must be limited to the issues tried in the court from which an appeal is taken and that no pleadings are required. The court said that a trial *de novo* on appeal means a new trial upon the same issues, and all the issues, tried by the court from which the appeal is taken, in which all parties shall have the right to offer any competent evidence, unless such right is limited or restricted by the statute. The statute provides that the proponents may introduce an authenticated transcript of the testimony taken at the hearing in the probate court on the admission of the will to probate. If the proponent establishes a will by sufficient competent evidence it shall be admitted to probate, unless there is proof of fraud, forgery, compulsion or other improper conduct which, in the opinion of the court, is deemed sufficient to invalidate or destroy the will. In all cases the contestant has the right to show fraud, forgery, compulsion or other improper conduct by the testimony of other witnesses. The record before us does not affirmatively show that an authenticated transcript of the testimony was introduced.

 When the order of September 24, 1952, was vacated, the case was set down for a hearing on the merits. This was in accordance with the petition of the association. The order of February 24, 1953, found that the appellant did not have an "appealable interest" and for that reason dismissed the appeal and remanded the cause to the probate court with directions to admit the later will to probate. The record clearly shows that there was no trial on the merits. In the probate court appellant appeared by his attorney and cross-examined the subscribing witnesses to the later will. No written pleadings are required. Appellant was opposing the admission of the later will to probate and when that issue was decided against him, he appealed. We are of the opinion that he is entitled to a trial *de novo* on the merits.

 Appellees argue a motion to dismiss the appeal to this court on the ground that we lack jurisdiction because of appellant's failure to have his appeal bond in the probate court properly approved. The appeal before us is from the order of the circuit court of February 24, 1953. There is no irregularity in that appeal. Therefore, the motion to dismiss the appeal is overruled.

For the reasons stated, the order of the circuit court of February 24, 1953, is reversed and the cause is remanded to that court with directions to give the parties a trial *de novo*.

*Order reversed and cause remanded with directions.*
NIEMEYER, P. J. and FRIEND, J., concur.