**Robert A. Halter, d/b/a The Music Center, Plaintiff-Appellee, v. Charles Schoreck, Defendant-Appellant.**

Gen. No. 50,634.

First District, First Division.

March 21, 1966.

Adamowski, Newey & Riley, of Chicago (Francis X. Riley, of counsel), for appellant.

David E. Bradshaw and Orner & Wasserman, of Chicago (Norton Wasserman, of counsel), for appellee.

MR. PRESIDING JUSTICE KLUCZYNSKI delivered the opinion of the court.

Defendant, Charles Schoreck, appeals from a judgment for plaintiff, Robert A. Halter, d/b/a The Music Center, entered on April 8, 1965, contending as the only issue that the court lacked jurisdiction. Defendant charges that the court lost jurisdiction after the entry of an order dismissing the cause for want of prosecution on May 21, 1957, and that its order vacating said dismissal and reinstating the cause on December 5, 1957, (being more than thirty days after the entry of the order of dismissal) and all subsequent proceedings, including the judgment, were void. Plaintiff's answering contention is that his motion, supported by affidavit, filed on December 5, 1957, and the basis for the order reinstating the cause, invoked the benefit of section 72 of the Practice Act (Ill Rev Stats 1965, c 110, § 72) and gave the court jurisdiction. Defendant counters by saying that said motion and affidavit failed to comply with the requirements of section 72.

In order to determine the issue, we review the chronological events involved. Plaintiff filed his action on March 1, 1956. Issue was drawn by defendant's answer to the complaint and his demand for jury trial. The case was set several times for trial, one of the dates being May 21, 1957. On that day, plaintiff, failing to answer the call, the court entered the order of dismissal for want of prosecution. On December 5, 1957, some seven months thereafter, plaintiff filed a motion for reinstatement and moved to vacate the dismissal order of May

21, 1957 based upon an attached affidavit which alleged, among other things:

4. That this matter was then set for October 15, 1956, at which time it was continued until February 5, 1957, and that on said date it was continued until May 21, 1957, at which time an order was entered by this Court on motion of the defendant to dismiss this case for want of prosecution.

5. That there was a clerical error in the office of the Attorney for the plaintiff, and it was not known that this matter was set for hearing on May 21, 1957, before this Honorable Court. If it had been known this office would have appeared on that date.

6. That no notice was received by our office either by telephone or in writing that the defendant was requesting the Court to dismiss said cause of action.

7. That during the month of July it was brought to the attention of the secretary of your affiant that said case had been dismissed for want of prosecution, but that your affiant was not within the country and therefore was unable to take the proper steps to reinstate said cause of action.

8. That your affiant returned to this country during the first week of September 1957, and subsequently contacted the attorney of record for the defendant requesting a stipulation to vacate said order and reinstate said cause, which was refused.

9. That the plaintiff has a rightful cause of action against the defendant for the sale of one Lowrey Organo Piano to said defendant and is entitled to a judgment in the sum of $1,519.25.

10. That the defendant has since the 9th day of February, 1956, had in his possession said Organo Piano and has used said Organo Piano for his per-

sonal entertainment and that he has now and in the past refused to pay the plaintiff for said musical instrument.

11. That substantial ends of justice will be defeated if this cause of action is not reinstated.

On that day the court vacated the order of dismissal and reinstated the case for trial. Defendant thereafter, on December 18, 1957, appeared to "ask the court to vacate the order of December 5, 1957 and to deny" the motion. After hearing the matter and "being fully advised in the premises," the court denied defendant's motion and reset the cause for trial in April 1958.

The record before us discloses that the cause then took a course of many postponements involving substitution of attorneys for defendant, motions and discovery applications and filing of interrogatories and answers thereto. Eventually, on January 10, 1961, the case went to a jury trial resulting in a verdict for the defendant. A new trial was allowed and the case again reset for trial. The case again languished due to further postponements until August 22, 1961 when it was dismissed for want of prosecution and reinstated within thirty days. It suffered several more dismissals and on each occasion was reinstated within the proper time.* On April 8, 1965 the cause went to trial before a jury and resulted in a verdict and the judgment for plaintiff, from which defendant here appeals.

It is conceded that after the lapse of thirty days the dismissal order of May 21, 1957 became final and appealable and that relief therefrom could only be had by appeal or a proper section 72 proceeding.

In Harris v. Chicago House Wrecking Co., 314 Ill 500, 145 NE 666 (1924), we find the Supreme Court disposing

---

* These subsequent dismissals were not challenged or appealed from at the time nor are they challenged in this appeal as being improper.

of a situation quite similar to the one before us. In Harris, after the case was at issue, it was stricken from the trial docket on July 18, 1914. On June 17, 1915 the case, with others which too had been stricken from the docket, was redocketed and placed on the trial call for the following day. When called for trial on June 18, 1915, and plaintiff failed to appear, it was dismissed for want of prosecution. On October 16, 1915, some six months later, and after the term * in which the order was entered, had expired, attorney for plaintiff gave notice to defendant's attorney that he would appear before a judge of the circuit court and ask that the cause be reinstated. The motion was supported by a sworn statement of the plaintiff's attorney wherein he stated that (p 502):

> [T]hrough mistake and inadvertence in his office, the said cause was stricken off of the calendar on July 18, 1914; that having no knowledge that the case had been so stricken, affiant was not advised and had no knowledge that it was a case within the order of January 22, 1915, and did not, therefore, look for the case in the calendar, made up pursuant to said order, of all common law cases stricken from the docket from the date of the Chicago fire to and including the 31st day of December 1914, and being so ignorant the case was again stricken from said last named calendar on June 18, 1915; that a great and irreparable injury will be done to plaintiff in said cause if it is not re-instated, owing to the fact that the Statute of Limitations will have run, and that said injury has resulted through the oversight in affiant's office of the fact that said cause was originally stricken. Affiant therefore

---

* Term times are now abolished and a thirty-day period substituted therefor.

asks that the said cause be re-instated and set down for trial at such time as the court may direct.

On that day the court heard the motion and entered an order reinstating the cause to the docket and directing that it stand for trial in its regular order "over the objections of the attorney for defendant to the jurisdiction of the court to enter such order." After being set for trial, it was called by mistake of the court clerk on an earlier day. Plaintiff, not appearing, the cause was dismissed but again reinstated during term time and placed again on the trial calendar. (This last reinstatement was not questioned or challenged.) It was eventually up for trial on March 7, 1921. At this time the defendant objected to the further consideration of the case by the court. The court sustained this objection and entered an order finding that it "lost jurisdiction of said cause at the time of the first order of dismissal herein appearing on the record and has never regained such jurisdiction, and that no further proceedings should or could be had thereon and said cause should no longer appear on the docket." (P 503.)

■ On an appeal the appellate court affirmed the order and granted a certificate of importance allowing a further appeal to the Supreme Court. In the Supreme Court the facts and circumstances were considered in the light of section 89 of the Civil Practice Act of 1907. (Cahill Ill Rev Stats 1923, c 110, par 89) which abolished the writ of coram nobis and provided that all errors of fact committed in the proceedings which by common law could have been corrected by said writ could be corrected by the court in which the error was committed, on motion made at any time within five years after rendition of the final judgment in the case, upon reasonable notice. The old section 89 was the precursor of the present section 72 and for all intents and purposes

herein both are to be treated in the same light. See Seither & Cherry Co. v. Board of Education Dist. No. 15, 283 Ill App 392 (1936).

The plaintiff in Harris contended that the proceeding under which he obtained his order of reinstatement was a proceeding under the section and that the judge entering the order so regarded it. The court, on page 504, said: "We must assume that this latter position is correct, as a proceeding under such section was the only one applicable or available to appellant, as the term had expired in which the order of dismissal had been entered." See also People v. Union Trust Bank, 406 Ill 208, 92 NE2d 663 (1950).

In the instant case plaintiff had no other recourse after the expiration of the thirty days other than that provided by section 72. Therefore, his only means of relief was to invoke the benefits of the section which allowed him to call the court's attention to these facts outside of the record and unknown at the time of the judgment order which he believed, if known, would have changed or have prevented the judgment order.

■ Defendant attempts to distinguish this case from Harris by saying that in the case at bar, no notice was given, no petition was filed and no opportunity was given to join issue. "Therefore, there was no petition or action taken, contemplated by Section 72 of the Act." After the case on appeal was submitted, plaintiff made motion "to add necessary matter to the Record on Appeal"— a certified copy of his notice to defendant's attorney of the motion for reinstatement made on December 5, 1957. We took this motion with the case. Inasmuch as it reflects matters before the trial court and relevant to the issue before us, the motion is allowed. This disposes of the defendant's contention that there was no notice given. The contention that there was no petition is also without basis for a "petition" is defined as an application in writing in contradistinction to a "motion"

which may be made by word of mouth. The principal difference between motions and petitions lies in the fact that motions, though usually made in writing, may sometimes be made orally, while a petition is always in writing. See Words and Phrases, 32A p 9, the pocket part and authorities cited.

■ Plaintiff's application to the court was in writing and in our opinion satisfied the section 72 requirement of a proceeding by petition. And finally, the contention that there was no opportunity to join issue is contradicted by the record. Defendant had notice of the motion of December 5, 1957. Furthermore he made motion on December 18, 1957 to vacate the order of reinstatement and to deny the plaintiff's motion. The court's order denying defendant's motion also recited that the court was "fully advised in the premises."

■ Where defendant had preserved no further record of the proceedings, the court's recital and the record precluded defendant's questioning the sufficiency of the hearing of December 5, 1957. "Any order entered denying or granting any of the relief prayed in the petition is appealable." (Ill Rev Stats 1963, c 110 par 72(6)). The defendant failed to appeal from the order entered granting the relief and so the propriety of that judgment is not before us now. Having failed to prosecute a direct appeal, he is precluded from making an indirect or collateral attack now, some eight years later.

For these reasons, the judgment of the circuit court is affirmed. In view of the affirmance, we do not find it necessary to rule upon defendant's motion to amend his notice of appeal limiting it to a request for reversal without remandment for a new trial and which motion, after being filed, we had taken with the case.

Affirmed.

MURPHY and BURMAN, JJ., concur.