CHARLES DALE HOLT, Plaintiff-Appellant, v. JOAN E. HOLT, Defendant-Appellee.

Fourth District    No. 15187

Opinion filed April 25, 1979.

Stephen O. Willoughby, of Decatur, for appellant.

Rosenberg, Rosenberg, Bickes and Johnson, Chartered, of Decatur (Jeffrey D. Richardson, of counsel), for appellee.

Mr. JUSTICE TRAPP delivered the opinion of the court:

The parties were divorced by a decree dated April 22, 1976. As

provided in a settlement between the parties and approved in the decree, custody of the minor children was placed in the defendant wife. On February 17, 1977, the husband filed a petition for change of custody alleging that since the divorce decree the wife had committed adultery while the children were in the home. Evidence was heard on May 6, 1977. The present Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1977, ch. 40, par. 101 *et seq.*) became effective on October 1, 1977.

On February 16, 1978, the trial court entered an order changing custody upon the evidence heard on May 6, 1977, with findings as alleged in the petition.

On June 15, 1978, the wife filed a petition as in section 72 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 72) alleging that the order of February 16, 1978, changing custody was made without the findings required under the Illinois Marriage and Dissolution of Marriage Act, section 610(a) and 610(b) (Ill. Rev. Stat. 1977, ch. 40, pars. 610(a), 610(b)). A hearing on the wife's petition was held on August 2, 1978, at which time the trial judge announced that his findings in the order of February 16, 1978, changing custody, did not comply with the statute and that he would vacate such order. A written order of *vacatur* was entered on August 31, 1978, which found that the trial court had committed a clear error of law in failing to make the findings required by statute.

At the hearing on August 2, 1978, after announcing his findings, the trial judge recused himself from further participation in the matter and assigned the case to another judge. On that date counsel for the parties stipulated that the assigned judge should consider the evidence heard at the hearing on May 6, 1977, and thereafter rule upon plaintiff's original petition for change of custody.

On September 1, 1978, the assigned judge entered an order finding that the present environment did not injure the physical mental, moral, or emotional health of the children and that the conduct of the wife did not affect her relationship with the children. Thereupon, the court dismissed for want of equity the petition for change of custody filed by the husband on February 17, 1977. The husband appeals the order dated August 31, 1978, which vacated the order changing child custody entered on February 16, 1978, and he also appeals from the order of September 1, 1978, dismissing the petition to modify child custody for want of equity.

Upon appeal, the husband first contends that the trial court erred in granting the wife's petition to vacate the order of February 16, 1978, modifying child custody for the reason that the wife's petition failed to allege any newly discovered evidence that could not have been presented at the hearing on the petition to modify custody, and that she failed to allege facts showing that she acted with due diligence because she failed to seek to vacate the modified custody order in the trial court, or to appeal.

■■ We note initially that rather than appeal the order vacating the order for change of custody the husband entered into a stipulation for a further hearing upon the merits. Supreme Court Rule 304(b)(3) (58 Ill. 2d R. 304(b)(3), Ill. Rev. Stat. 1977, ch. 110A, par. 304(b)(3)) provides that a judgment or order granting or denying relief under section 72 of the Civil Practice Act is appealable. The brief of the wife has raised the issue of the husband's right to appeal from the order of *vacatur*. In *Johnson v. Coleman* (1977), 47 Ill. App. 3d 671, 365 N.E.2d 102, plaintiff obtained a judgment by default. That judgment was vacated through a section 72 proceeding. The parties then proceeded to a hearing upon the merits and judgment was entered upon the merits. Plaintiff appealed only upon the issue that the default judgment should not have been vacated. The reviewing court raised the issue of its jurisdiction *sua sponte* and dismissed the appeal, saying:

"Where no timely appeal is taken from a final and appealable order this court is without jurisdiction to consider the propriety of that order. (*Goldstick v. Saporito* (1974), 22 Ill. App. 3d 621, 317 N.E.2d 774.) Accordingly, where a final order is vacated pursuant to a section 72 petition and the parties go to trial, the party whose judgment was vacated having failed to prosecute a direct appeal, is precluded, after the subsequent trial and judgment, from making an indirect or collateral attack on the order vacating the first judgment. (*Halter v. Schoreck* (1966), 69 Ill. App. 2d 104, 216 N.E.2d 278.) In other words, a party choosing not to take a timely appeal from an order granting or denying any of the relief prayed for in a section 72 petition waives his right to appeal from that order. Accordingly, a reviewing court, after a trial on the merits, has no jurisdiction to consider the propriety of the order granting a section 72 petition." (47 Ill. App. 3d 671, 674, 365 N.E.2d 102, 104.)

That opinion pointed out that the section 72 proceeding is not a continuation of the original action in which the final judgment or decree was entered, but was a new action so that an order denying or granting any relief prayed for in such section 72 petition is final and appealable. See also *Acorn Lumber Co. v. Friedlander Box Co.* (1926), 240 Ill. App. 425; Ill. Rev. Stat. 1977, ch. 110, par. 72(2).

■■ Upon such authority we dismiss the appeal from the order of August 31, 1978, which vacated the order changing custody. Such conclusion disposes of the husband's second contention that the trial court erred in finding that the order modifying child custody was erroneous in failing to include the findings required by the Illinois Marriage and Dissolution of Marriage Act.

The husband finally urges that the trial court erred in its order of September 1, 1978, which found that upon the evidence heard on May 6,

1977, the present environment does not endanger the physical, mental, moral, or emotional health of the children and that the conduct of the mother does not affect her relationship with them.

The husband argues that the evidence of the wife's adultery supports a conclusion that the physical, mental, moral, and emotional health of the children, aged 3½ and five years, was endangered. The findings of the order of the trial court are somewhat expanded in a filed written opinion. In such memorandum, the trial court found that the record was barren of any evidence which showed any effect upon the children.

■■ As the trial court noted, section 602(b) of the Act (Ill. Rev. Stat. 1977, ch. 40, par. 602(b)) provides that in determining custody, the court shall not consider conduct of a custodian that does not affect his relationship with a child. Section 610 of the Act (Ill. Rev. Stat. 1977, ch. 40, par. 610) establishes the standards for modification of child custody and section 610(b) provides that the court shall not modify a prior custody judgment unless it finds upon the basis of facts that have arisen since the prior judgment that a change has occurred in the circumstances of the child and the custodian, and that "the modification is necessary to serve the best interest of the child." The section continues:

"In applying these standards the court shall retain the custodian appointed pursuant to the prior judgment unless:

(1) * * *.
(2) * * *.
(3) the child's present environment endangers *seriously* his physical, mental, moral or emotional health and the harm likely to be caused by a change of environment is outweighed by its advantages to him." (Emphasis added.) Ill. Rev. Stat. 1977, ch. 38, par. 610(b)(3).

In *Hendrickson v. Hendrickson* (1977), 49 Ill. App. 3d 160, 364 N.E.2d 566, the husband sought a change of custody alleging that the wife was cohabiting with a man openly in the presence of the children so that she was unable to provide emotional stability in the best interests of the children. The opinion of the reviewing court concluded that there was no testimony indicating that the children were neglected or were emotionally affected, nor was there any evidence of any effect upon the children. There the husband appeared to argue that such detrimental effect upon the children must be presumed from the alleged conduct of the wife. The reviewing court reversed the judgment of the trial court modifying custody for the reasons that there was no evidence that the wife had neglected the children, nor that they had been affected by the relationship between the wife and another man and for such reason concluded that the best interests of the children did not require a change of custody.

In *Jarrett v. Jarrett* (1978), 64 Ill. App. 3d 932, 382 N.E.2d 12, *appeal*

*allowed* (1979), 72 Ill. 2d 582, custody of minor children was changed upon evidence that the wife permitted another man to reside in the home. The trial court concluded that such change of custody was necessary for the moral and spiritual well-being of the children. The reviewing court reversed, noting that a change of custody must be made in the best interests of the children, and that the fact of changed conditions does not warrant modification of custody absent a finding that such change affects the welfare of the children. The opinion noted that the Illinois Marriage and Dissolution of Marriage Act, section 610(b)(3) (Ill. Rev. Stat. 1977, ch. 40, par. 610(b)(3)), requires that the present environment "endangers seriously" the moral or emotional health of the children. Finding that there was no evidence to warrant the conclusion that a change of custody was necessary to serve the best interests of the children, the court said:

"We do find it to be an abuse of discretion for the trial court to impose its own standard in this regard and infer, without any evidence in the record, that Jacqueline's conduct in living with a man to whom she was not married was detrimental to the welfare of the children and in and of itself sufficient to disqualify her as the custodian of the children." 64 Ill. App. 3d 932, 937, 382 N.E.2d 12, 16.

■ The record in this case contains the same deficiencies as were found in the cases cited. The order of the trial judge dismissing the petition for want of equity made the correct finding of the absence of evidence which would support a change of custody and the judgment is affirmed.

Affirmed.

CRAVEN and GREEN, JJ., concur.