*In re* MARRIAGE OF DAWN I. FLATOW, Petitioner-Appellant, and ROBERT A. FLATOW, Respondent-Appellee.

First District (3rd Division)    No. 79-1290

Opinion filed December 16, 1981.

---

Ann Houser, of Chicago, for appellant.

Paul C. Ross, of Chicago (John F. Martoccio, of counsel), for appellee.

JUSTICE WHITE delivered the opinion of the court:

Petitioner Dawn I. Flatow appeals from a final judgment for respondent on the merits and also from an earlier order vacating a default judgment entered against the respondent.

The pertinent facts of this case are as follows. Robert and Dawn Flatow were first married on February 11, 1972. Prior to this marriage Robert purchased a home in Chicago with funds which the trial court found were furnished by his mother, Rose Flatow. In April of 1972, Robert assigned 50% of the beneficial interest in this property to Dawn.

On November 21, 1974, a judgment of annulment was granted to Robert on grounds of bigamy. A previous marriage of Dawn's had not been dissolved at the time the parties were married. The two were remarried approximately six months later. On December 8, 1977, Dawn filed a petition for dissolution of the second marriage and on March 22, 1978, obtained a default judgment for dissolution of marriage. The ex-parte judgment directed Robert to assign his interest in the property to Dawn. According to Robert he first received notice of the proceedings on May 23, 1978, when he received the notice of motion requesting that he assign the house to Dawn. It was at this time that Robert hired an attorney who filed a petition to vacate the default judgment for dissolution of marriage.

On June 19, 1978, Judge Reuben J. Liffshin, who had entered the default judgment for dissolution of marriage, entered an order vacating the judgment and giving Robert leave to file his answer to Dawn's petition. A few days later this order of Judge Liffshin was vacated by agreement of the parties, and Dawn was given leave to file a response to Robert's petition to vacate the default judgment. On July 13, 1978, Dawn filed a petition praying for a change of venue from Judge Liffshin. Judge Liffshin denied her petition and set the hearing on Robert's petition to vacate for August 29, 1978. Thereafter, evidentiary hearings were held on a number of court dates. Following the hearing on October 6, 1978, Judge Liffshin vacated the default judgment as it related to the property rights of the parties and allowed the judgment for dissolution to stand and continued the matter for hearing on the disposition of property.

■■ Dawn's first contention is that the trial court erred in granting her husband's petition for section 72 relief because he had not established grounds therefor by clear and convincing evidence. However, we find that the issue of the propriety of the trial court's order vacating petitioner's default judgment is not properly before this court. Rather than bring an immediate appeal from this order, petitioner elected to proceed to trial on the merits. By so doing, she has waived any right to challenge the order on appeal. Supreme Court Rule 304(b)(3) (Ill. Rev. Stat. 1979, ch. 110A, par. 304(b)(3)) provides in pertinent part:

> "The following judgments and orders are appealable without the finding required for appeals under Paragraph (a) of this rule:
> ❋ ❋ ❋
> (3) A judgment or order granting or denying any of the relief prayed in a petition under Section 72 of the Civil Practice Act (Ill. Rev. Stat. ch. 110, ¶72)."

■■ An order or judgment from which an appeal might have been taken is not reviewable on appeal from a subsequent order entered in the same cause. (*Harty v. Kirby* (1975), 26 Ill. App. 3d 688, 325 N.E.2d 406; see also *Rone v. Boncar Construction Co.* (1976), 45 Ill. App. 3d 1, 358 N.E.2d

1315.) Where a final order has been vacated pursuant to a section 72 petition, and the parties go to trial, the party whose judgment was vacated, having failed to prosecute an appeal, is precluded, after the subsequent trial and judgment, from making a collateral attack on the order vacating the first judgment. (*Johnson v. Coleman* (1977), 47 Ill. App. 3d 671, 365 N.E.2d 102; *Halter v. Schoreck* (1966), 69 Ill. App. 2d 104, 216 N.E.2d 278.) Petitioner, by choosing not to take timely appeal from the order vacating the default judgment which had been previously entered in her favor, has in effect waived her right to appeal from that order. (*Johnson; Holt v. Holt* (1979), 71 Ill. App. 3d 87, 388 N.E.2d 1353.) Therefore, this court now lacks jurisdiction to consider the matter. *Goldstick v. Saporito* (1974), 22 Ill. App. 3d 621, 317 N.E.2d 774.

■■ Dawn also contends Judge Liffshin erred in denying her petition for change of venue. Pertinent statutory provisions regarding change of venue in civil cases (Ill. Rev. Stat. 1979, ch. 110, pars. 501, 503) read as follows:

> "§1. A change of venue in any civil action may be had in the following situations:
> * * *
> (2) where any party or his attorney fears that he will not receive a fair trial in the court in which the action is pending, because * * * the judge is prejudiced against him * * *."

> "§3. * * * A petition for change of venue shall not be granted unless it is presented before trial or hearing begins and before the judge to whom it is presented has ruled on any substantial issue in the case * * *."

Dawn's petition alleged that Judge Liffshin was prejudiced against her. It was filed before the commencement of the hearing on Robert's section 72 petition to vacate. The right to change of venue on account of alleged prejudice of the trial judge is absolute if the requirements of the statute are met. (*Fennema v. Joyce* (1972), 6 Ill. App. 3d 108, 285 N.E.2d 156.) Judge Liffshin summarily denied Dawn's petition on the ground that he had already ruled on substantive matters and that her petition came too late. This Dawn claims was error requiring reversal. In response it is argued on behalf of Robert that the provisions relating to change of venue in civil cases do not apply to proceedings under section 72, citing the case of *Kilbride v. Kilbride* (1965), 64 Ill. App. 2d 355, 212 N.E.2d 252. In *Kilbride* the court ruled that the trial court committed no error in denying defendant's motion for change of venue with reference to that portion of defendant's petition which asked that the original decree of divorce be vacated. Here the trial judge also proceeded to hearing on Robert's section 72 petition and vacated the portion of the original decree bearing on property rights. We find no error in this procedure.

On the property disposition issues Judge Rene Goier entered a supplemental judgment for dissolution of marriage which in reference to the marital home contained the following:

"[T]he Court finds that the Petitioner's consideration for the marital residence fails, and that Petitioner shall reconvey her interest in said real property to the Respondent; said real estate commonly known as 6750 West Bryn Mawr, Chicago, Illinois, and legally described as follows:

* * * and that the Petitioner shall receive the sum of $5,000.00 from the Respondent as and for her interest in said marital property.

* * *

THAT the Petitioner be and is hereby ordered to execute any and all documents necessary to transfer to the Respondent her 50% interest in the marital residence * * *."

The supplemental judgment also disposed of other items of marital property including two automobiles.

Dawn challenges the validity of this distribution particularly as it relates to the awarding of the marital residence, claiming that the judge's decision was arbitrary and contrary to the manifest weight of the evidence. In support of this contention, Dawn argues that a valid gift of one-half of the marital residence was made to her by Robert, and that under Illinois law there is a presumption of gift when a wife is given title to property by her husband, notwithstanding the fact that the property was purchased in whole or in part from a husband's funds. (*Bruin v. Bruin* (1966), 72 Ill. App. 2d 51, 219 N.E.2d 68.) The Illinois Supreme Court in *In re Marriage of Rogers* (1981), 85 Ill. 2d 217, 221-23, 422 N.E.2d 635, reviewed briefly the history of Illinois law relating to gifts between spouses.

"Prior to the advent of the new Illinois Marriage and Dissolution of Marriage Act [Citation], a marital residence held in joint tenancy was generally regarded as owned by both spouses, even if one spouse had furnished all of the consideration for it. The consideration-furnishing spouse was presumed to have intended a gift of one-half of the property. [Citations.] It was said that the gift presumption was one 'of fact' which could be rebutted 'by clear, convincing, and unmistakable evidence that no gift was intended. [Citations.]'

* * *

Under the new act, section 503 classifies property as marital or nonmarital in order to assign or divide it upon a marriage dissolution [Citation]. * * *

Property acquired by either spouse after the marriage but prior to

a judgment of dissolution is 'presumed' to be marital property, regardless of how title is held.

\* \* \*

The Act does not purport, however, to change the law regarding interspousal transfers of property owned individually. It does not indicate, by implication or otherwise, any dissatisfaction with prior cases in which the intention of a spouse conveying property was ascertained. It may be anachronistic now to refer to an intent to convey a gift to the other spouse, but it is not improper to refer to an intent to convey a gift to the marriage. Therefore, a marital residence owned by both spouses, even if one spouse has furnished all of the consideration for it out of nonmarital funds, will be presumed 'in fact' as marital property, absent convincing rebutting evidence."

■■ Robert contends that no presumption of gift attaches to his assignment of one-half interest in the home to Dawn because the property transfer was made during a bigamous marriage. His contention finds no support in the Illinois Marriage of Dissolution of Marriage Act, which provides:

"§503 Disposition of Property

(b) All property acquired by either spouse after the marriage and before a judgment of dissolution of marriage or *declaration of invalidity of marriage* is presumed to be marital property \* \* \*."

(Emphasis added.) (Ill. Rev. Stat. 1979, ch. 40, par. 503(b).)

The property in question was placed jointly in the names of the parties before their first marriage was declared invalid and was therefore, by the terms of the Act, presumptively marital property. Furthermore, we find from the facts presented that the transfer constituted a valid gift to Dawn notwithstanding the circumstances of the parties' first marriage. In our view the transfer of property was not made solely in reliance on the existence of a valid marital relationship. In this regard, we take particular note of the fact that Robert sought no relief from the court granting the annulment, to have the property reconveyed to him. Moreover, a second marriage was entered into approximately six months later, and the transfer to Dawn remained unchallenged despite the mandatory language of the Illinois Marriage and Dissolution of Marriage Act, which states:

"§503 Disposition of Property

\* \* \*

(c) In a proceeding for dissolution of marriage or declaration of invalidity of marriage, \* \* \* the court *shall* assign each spouse's non-marital property to that spouse." (Emphasis added.) Ill. Rev. Stat. 1979, ch. 40, par. 503(c).

As a result of this inaction, the property after the judgment of

annulment remained in the names of Robert and Dawn, each owning 50%. We find Dawn had that 50% interest before the second marriage. Under section 503(a) of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1979, ch. 40, par. 503(a)), property acquired before marriage is nonmarital property. The one-half interest in the residence was Dawn's nonmarital property and, as such, upon dissolution of the marriage, should have been assigned to her under section 503(c) of the Act.

■■ This case presents the issue: Was there a valid gift from Robert to Dawn? We find that there was. The supplemental judgment, in awarding the residence to Robert, contains the finding that Dawn's "consideration for the marital residence fails." A gift is a voluntary transfer of property to another made gratuitously and without consideration. (Black's Law Dictionary 619 (5th ed. 1979).) To impose on the facts of this case the concept of failure of consideration was error.

For the reasons stated above the supplemental judgment for dissolution of marriage must be reversed and the cause remanded for further dispositional proceedings consistent with this opinion.

Reversed and remanded.

RIZZI, P. J., and McNAMARA, J., concur.