*In re* MARRIAGE OF EDWIN C. PARKER, Petitioner-Appellant and Cross-Appellee and BARBARA T. PARKER, Respondent-Appellee and Cross-Appellant.

Second District   No. 2—90—1044

Opinion filed July 12, 1991.—Rehearing denied August 21, 1991.

Donald C. Schiller and Robert W. Wilcher, both of Schiller, DuCanto & Fleck, Ltd., of Chicago (Sarane C. Siewerth, of counsel), for appellant.

Jay J. Johnston, of Hall, Holmberg, Roach, Johnston & Fisher, and Thomas M. Gurewitz, both of Waukegan (Jeffrey C. Thut, of counsel), for appellee.

JUSTICE McLAREN delivered the opinion of the court:

Petitioner, Edwin Parker, appeals from orders of the trial court granting respondent, Barbara Parker, an additional distribution of property. While Edwin sets forth six issues in his brief, it appears there are only two issues on appeal: (1) whether the trial court erred by granting Barbara's section 2—1401 petition (Ill. Rev. Stat. 1987, ch. 110, par. 2—1401); and (2) whether the trial court erred by awarding an additional distribution of $520,800 to Barbara. Edwin's six "issues" are really arguments supporting his position that the court did commit error as to the two issues set forth above. Barbara cross-appeals from the identical orders of the trial court which awarded her an additional $520,800 due to the revaluation of an asset and denied her request for attorney fees incurred in bringing her section 2—1401 petition. We affirm in part, reverse in part, and remand.

Edwin and Barbara began living separate and apart in January 1986. The parties, both represented by counsel, began negotiating a marital settlement agreement (Agreement) in August. Edwin's personal financial statement was provided to Barbara's attorney and included 5,000 shares of Dur-O-Wal, Inc., common stock with a book value of $142,000. Edwin owned 50% of the outstanding stock of Dur-O-Wal. Edwin specifically noted he was currently trying to sell the company for more than book value.

The Agreement was executed on December 9, 1986, and provided for the distribution of the parties' assets and liabilities, the payment of child support and the payment of maintenance. The Agreement contained a schedule of Edwin's assets which included the Dur-O-Wal stock and its corresponding book value. The Agreement also contained the following articles with separately enumerated provisions under each article: Article I—Right of Action and Incorporation of Recitals; Article II—Custody of Seth; Article III—Payments for Barbara; Article IV—Support of Seth; Article V—Property Division; Article VI—Debts; Article VII—Mutual and General Release and Waiver; and Article VIII—General. Pursuant to paragraph B.3 under article V, property division, Edwin was to receive the Dur-O-Wal stock.

The trial court entered a judgment of legal separation on December 29, 1986. The Agreement of the parties was incorporated in its entirety into the judgment order. Paragraph F of article VIII pro-

vided that if any part of the Agreement was held to be invalid, the remaining parts shall remain valid and enforceable.

Efforts to sell Dur-O-Wal had begun in 1986. The company was eventually sold in October 1987, and the proceeds attributable to Edwin's interest amounted to approximately $4,083,000.

On April 18, 1988, Barbara filed a "petition for relief" pursuant to section 2—1401 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—1401). Barbara sought relief from the judgment of legal separation, alleging: (1) she was emotionally distressed to the extent that she was not capable of caring about the significance of the proceedings or understanding the consequences of the financial settlement; (2) Edwin had told her he would never seek a dissolution of marriage; (3) Edwin made misrepresentations and fraudulent statements claiming "the value of his 5,000 shares of Dur-O-Wal Corporation was $142,000 when in fact his stock in the corporation was sold in 1987 for $2,500,000"; and (4) the court did not have jurisdiction to divide property in an action for legal separation.

Edwin denied all allegations of fraud and misrepresentation. Edwin stated Barbara was represented by counsel who knew of the attempts to sell the company. Edwin also stated that all company records and assets had been open for investigation at all times. Edwin concluded Barbara's claimed lack of knowledge as to the fair-market value of the Dur-O-Wal stock was due to her own failure to exercise any diligence in discovery.

On August 24, Edwin filed a motion for summary judgment claiming Barbara's section 2—1401 petition was meritless. The court denied the motion, finding material issues of fact existed as to whether Edwin had misrepresented the value of Dur-O-Wal.

On December 6, Edwin filed a "Motion for Entry of Order" abandoning his objections to Barbara's petition and requesting the court to grant Barbara's section 2—1401 petition vacating the entire judgment of legal separation which incorporated the Agreement therein. The court set the matter for hearing. At the January 19, 1989, hearing, Barbara presented an alternative order vacating only the provision of the Agreement containing the valuation of Dur-O-Wal. Edwin argued Barbara's allegations of lack of understanding, coercion, duress, and unconscionability addressed the entire agreement and, therefore, the entire agreement should be vacated. Alternatively, Edwin argued that, if the court chose to selectively vacate only a portion of the Agreement, the court should vacate all of article V entitled "Property Division" instead of only one paragraph of the article.

The court noted Edwin had withdrawn his objections to Barbara's section 2—1401 petition. With respect to the Dur-O-Wal stock valuation, the court found:

"That in the aforementioned settlement agreement, 5000 shares of the capital stocks of Dur-O-Wal Corporation were valued at $142,000.00 and distributed to the Respondent, EDWIN C. PARKER, SR., as part of the division of the marital property; that said valuation is patently incorrect as indicated by the sale of said stock in the fall of 1987 for approximately $4,083,000.00 in cash plus payments and other benefits as outlined in the 'Consulting and Non-Competition Agreement'."

The court also found the severability clause contained in the Agreement provided authority to selectively vacate one paragraph of the Agreement. The trial court ordered:

"That the property settlement agreement incorporated in the said judgment for legal separation be and the same is hereby vacated as to the valuation of the 5,000 shares of Dur-O-Wal valuation and the distribution of the same between the parties.

That this cause be and the same is set for hearing as to the valuation of said stock in Dur-O-Wal Corporation and for a determination as to the distribution of said asset between the parties hereto."

Edwin filed a motion to reconsider which the court denied. On June 13, the court clarified the issues for trial. The court set the relevant date for valuation of Dur-O-Wal and other property as December 1986. The court also stated it would consider the circumstances of the parties. The court noted its final decision would be based upon the factors in sections 502 and 503 of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1985, ch. 40, pars. 502, 503) as of the time of the judgment of legal separation.

Thereafter, the court held a trial on the issues of the value of Dur-O-Wal in December 1986 and whether this value should result in an additional distribution to Barbara. The court heard extensive testimony as to the attempts to sell Dur-O-Wal and the value to be attributed to Dur-O-Wal as of December 1986. Barbara also testified as to her present financial condition. She also testified she actively participated in the negotiations leading up to the settlement agreement. Additionally, Edwin provided testimony as to his present financial condition. The court also heard expert testimony as to the value of the maintenance-support benefits package provided to Barbara under the Agreement.

On March 22, 1990, the court entered an order dissolving the parties' marriage. The court found the fair-market value of Edwin's interest in Dur-O-Wal as of December 1986 to be $2.0025 million. The court also found Barbara had no meaningful choice when entering into the settlement agreement as the additional $1.86 million in fair-market value of Dur-O-Wal ($2.0025 million fair-market value—$142,000 disclosed book value) was undisclosed to her. The court also found the resulting economic circumstances unreasonably favored Edwin. The court concluded the Agreement was unconscionable necessitating an additional distribution of $520,800 to Barbara. The court ordered Edwin to pay Barbara's attorney fees and costs in bringing the petition.

On April 17 Edwin filed a motion to reconsider, and on July 5 Edwin filed an amended motion to reconsider. Edwin alleged the court's judgment of dissolution was based solely upon findings of fact and rulings which went beyond the scope of the two issues the court had previously determined were to be litigated at trial. Additionally, Edwin alleged he attempted to, but was denied an opportunity to, present evidence which constituted a meritorious defense to the court's determinations. These additional findings concerned Edwin's misrepresentation of the value of his Dur-O-Wal stock, Barbara's lack of a meaningful choice in entering into the Agreement, and the Agreement's unconscionability requiring an additional distribution to Barbara. Also, Edwin claimed the court failed to make a finding as to the value of the "benefits-support package" awarded to Barbara. Edwin also challenged the court's award of attorney fees. Edwin's prayer for relief asked the court:

> "A. For the entry of an Order vacating the award to BARBARA T. PARKER of $520,800;
>
> B. For the entry of an Order vacating the award of attorneys' fees to counsel for BARBARA T. PARKER; and
>
> C. For the entry of an Order denying any and all fees and costs to COOPERS & LYBRAND, and assessing against BARBARA T. PARKER the fees and costs incurred by EDWIN C. PARKER as a result of COOPERS & LYBRAND'S involvement in this cause.
>
> D. For such other, further and different relief as this Honorable Court deems just."

On August 21, the court granted Edwin's amended motion to reconsider with respect to attorney fees and costs. The court denied the remainder of the motion. Edwin timely appeals from the court's or-

ders of March 22 and August 21, 1990. Barbara timely cross-appeals from these same orders.

We first address Barbara's contention that Edwin may not attack the trial court's decision to grant Barbara's section 2—1401 petition as Edwin did not timely appeal from the court's ruling. Barbara asserts the trial court granted her petition and vacated a portion of the earlier judgment on January 19, 1989. The court denied Edwin's motion to reconsider on March 16, 1989. Barbara argues the granting of a section 2—1401 petition is a final and appealable order, and Edwin's failure to timely appeal this decision precludes him from attacking it now.

Edwin claims the trial court did not enter a final and appealable order on January 19, 1989. Edwin argues the court did not make a final determination on Barbara's petition until March 22, 1990, when the court ordered an additional distribution of property to Barbara. Therefore, Edwin contends his appeal of this issue is timely.

■ Supreme Court Rule 304(b)(3) provides:

"The following judgments and orders are appealable without the finding required for appeals under paragraph (a) of this rule:

* * *

3. A judgment or order granting or denying any of the relief prayed in a petition under section 2—1401 of the Code of Civil Procedure." (134 Ill. 2d R. 304(b)(3).)

An order from which an appeal may be taken may not be reviewed on appeal from a subsequent order entered in the same cause. (*Johnson v. Coleman* (1977), 47 Ill. App. 3d 671, 673-74.) A party who chooses to proceed to trial instead of directly appealing an order vacating a prior judgment is precluded from attacking the order vacating the initial judgment after the subsequent trial and judgment. *Johnson*, 47 Ill. App. 3d at 674; *In re Marriage of Flatow* (1981), 102 Ill. App. 3d 859, 862.

On January 19, 1989, the trial court entered an order stating in pertinent part: "That the property settlement agreement incorporated in said judgment for legal separation be and the same is hereby vacated as to the valuation of the 5,000 shares of Dur-O-Wal." Edwin claims the court explained its ruling during the hearing on his motion to reconsider and indicated the vacatur was not complete. Therefore, Edwin argues the court's order was not appealable.

■ During the hearing on Edwin's motion to reconsider, the trial court stated:

"One point of clarification must be stated in this record. When this Court ruled that the issue of the evaluation and distribution of the Durawall [*sic*] company was to be the focus of the further hearings, I did not automatically mean that this Court would then award a portion of the proceeds of the sale of the company to Mrs. Parker. Rather the court will evaluate—the Court will address the evaluation of the company and the distribution of the award with a full review of what Mrs. Parker has been awarded under the settlement agreement; and then if the Court should find it necessary and appropriate in accordance with the factors of 503 will either make an additional distribution to Mrs. Parker or deny an additional distribution to Mrs. Parker."

We determine the court's explanation of its ruling does not indicate the January 19 vacatur was not complete. The trial court clearly stated in its January 19 order that it was vacating a portion of its earlier judgment. In its later explanation of that ruling, the court was simply pointing out Barbara may not win on the merits at trial. This statement is applicable to any case in which a court vacates a prior judgment. A hearing on a petition to vacate does not determine the merits of the final disposition.

Edwin argues he did not have anything to appeal until the court changed its prior distribution to Barbara. Supreme Court Rule 304(b)(3) renders decisions on section 2—1401 petitions final and appealable so a party whose judgment was wrongly vacated can immediately appeal instead of wasting judicial resources by going through a wholly unnecessary trial. The fact that the court may enter an identical judgment after a trial on the merits is irrelevant. Edwin did not timely appeal from a final and appealable judgment. Therefore, this court is without jurisdiction to review the trial court's order granting Barbara's section 2—1401 petition.

Disregarding the above jurisdictional defect, there is another defect which precludes this court from reviewing the court's grant of relief pursuant to Barbara's section 2—1401 petition. Edwin's notice of appeal states he is appealing from the March 22 and August 21, 1990, orders of the trial court. The March 22 order was a judgment on the merits after trial, and the August 21 order denied Edwin's motion to reconsider the March 22 judgment. Neither order had anything to do with the January 19 order vacating the prior judgment as this decision was already the law of the case. The scope of this court's jurisdiction is fixed by the notice of appeal. (*Wells v. Kern* (1975), 25 Ill. App. 3d 93, 98.) Edwin's notice of appeal contained no reference to

the January 19, 1989, order. Therefore, since we have rejected Edwin's claim that the January 19 order was not final, this court lacks jurisdiction to review that order. See *In re Marriage of Kondos* (1982), 109 Ill. App. 3d 615, 619; 134 Ill. 2d R. 303(c)(2).

Edwin next argues the trial court erred in awarding $520,800 to Barbara as an additional distribution. Edwin claims the court's findings that: (1) Edwin had understated the value of the Dur-O-Wal stock; (2) the value of the stock was undisclosed or unknown to Barbara; (3) Barbara had no meaningful choice when entering into the Agreement; and (4) the Agreement was unconscionable are all against the manifest weight of the evidence.

A review of the trial court's order and its memorandum opinion indicates that it did make the above findings. As the trial court indicated in its January 19, 1989, order vacating the prior judgment, the only issues to be resolved at trial were the value of the Dur-O-Wal stock and the distribution of the stock between the parties. While the above findings are relevant and would have been very helpful in determining whether to reject the settlement agreement of the parties (see Ill. Rev. Stat. 1989, ch. 40, par. 502), as previously stated, Edwin did not timely appeal from the trial court's lack of appropriate findings during the hearing to vacate. The factual findings noted above were only germane to the order of vacation and had no bearing on the two issues before the court at trial concerning final disposition.

■ Section 503 of the Illinois Marriage and Dissolution of Marriage Act (Act) sets forth factors to be considered by the court when distributing property. (See Ill. Rev. Stat. 1989, ch. 40, par. 503(d).) These factors include the value of the property and the economic circumstances of each spouse when the division of property is to become effective. (Ill. Rev. Stat. 1989, ch. 40, pars. 503(d)(2), (d)(4).) Any misconduct by the parties is not to be considered when distributing property. See Ill. Rev. Stat. 1989, ch. 40, par. 503(d).

■ Upon a review of the record, we conclude the court's distribution of property was not based solely upon the proper factors as set forth in section 503 but was influenced by the court's impression of Edwin's alleged misconduct as evidenced by the court's findings. The court should not have considered this evidence in apportioning the property between the parties. The court's findings were irrelevant and, as discussed below, were against the manifest weight of the evidence. Edwin was prejudiced by these errors, and this matter must be remanded for a redistribution of the proceeds from the sale of the Dur-O-Wal stock consistent solely with the considerations set forth in section 503(d) of the Act.

Neither party has claimed on appeal that the trial court erred in determining the value of the Dur-O-Wal stock. Therefore, the trial court's finding as to the value of the stock is the law of the case, and the only issue to be decided on remand is the proper distribution of the asset.

We now turn to Barbara's cross-appeal. Barbara first contends the court erred in awarding her $520,800 as an additional distribution. As stated above, the distribution issue must be addressed on remand. Therefore, we need not review Barbara's claims at this point.

Barbara also contends the court's denial of her request for attorney fees was error. Barbara claims Edwin precipitated the need for the section 2—1401 proceedings by not being "honest and up front concerning the value of Dur-O-Wal when he negotiated the original" Agreement. Barbara also argues that "the law is equally as clear that[,] in a situation where a party necessitates legal proceedings, Section 508B [*sic*] must be expanded to award fees to aggrieved spouses without regard to their respective financial abilities to pay." Barbara argues the trial court erred in determining that section 508(b) of the Act (Ill. Rev. Stat. 1989, ch. 40, par. 508(b)) did not apply to the case at bar.

Section 508(b) of the Act provides:

"In every proceeding for the enforcement of an order or judgment when the court finds that the failure to comply with the order or judgment was without cause or justification, the court shall order the party against whom the proceeding is brought to pay the costs and reasonable attorney's fees of the prevailing party." (Ill. Rev. Stat. 1989, ch. 40, par. 508(b).)

The three cases cited by Barbara, *In re Marriage of Cotton* (1984), 103 Ill. 2d 346, *In re Marriage of Ziemer* (1989), 189 Ill. App. 3d 966, and *Kuhns v. Kuhns* (1972), 7 Ill. App. 3d 884, do not support her position as none of those cases were decided under section 508(b).

The above section applies to proceedings to enforce a judgment. Barbara's section 2—1401 petition is a proceeding to *vacate* a judgment, not a proceeding to *enforce* a judgment. Additionally, we find no reason to "expand" section 508(b) to cover the situation at bar as the ability to receive fees in connection with the bringing of a section 2—1401 petition is expressly provided for in section 508(a)(4). (See Ill. Rev. Stat. 1989, ch. 40, par. 508(a)(4).) The trial court did not err in finding that section 508(b) of the Act did not apply to the case at bar.

An award of attorney fees is within the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of

discretion. (*In re Marriage of Bussey* (1985), 108 Ill. 2d 286, 299.) The party seeking fees must show an inability to pay the fees and an ability of the other spouse to pay the fees. *Bussey*, 108 Ill. 2d at 299-300.

In the case at bar, it appears Edwin clearly had the ability to pay Barbara's attorney fees. However, it is not clear that Barbara could not pay her attorney fees. Furthermore, an additional consideration in awarding attorney fees is the identity of the party who precipitated the need for the legal proceedings. (See *Cotton*, 103 Ill. 2d at 360-62.) Barbara argues that it was Edwin's nondisclosure and dishonesty concerning the value of the Dur-O-Wal stock that required her to reopen the proceedings.

Edwin disclosed in his financial statement and schedule of assets that the *book value* of his stock was $142,000. Edwin also disclosed he was attempting to sell the stock for more than book value. It is elementary that book value rarely equals fair-market value. (See *In re Marriage of Reib* (1983), 114 Ill. App. 3d 993, 1000.) Fair-market value is defined as the price a willing buyer will pay a willing seller in a voluntary transaction. (*In re Estate of Voss* (1973), 55 Ill. 2d 313, 315.) Book value is generally the cost of an asset. It is axiomatic that the cost of an asset is rarely its fair-market value at a later date as most assets either depreciate or appreciate in value. This court is bemused that, when presented with the *book value* of the stock, Barbara, or her attorney, did not investigate or make further inquiries as to the fair-market value of the stock.

■ There is no evidence to suggest the book value Edwin ascribed to the stock was inaccurate. There is no evidence Edwin ever withheld any information or documents with which the fair-market value of the stock could have been ascertained. Accepting Barbara's argument, Edwin would have an affirmative duty to have his stock "appraised" and then disclose this appraisal to Barbara. Barbara provides no authority for the imposition of such a duty. A person may not avail himself of the remedy provided in section 2—1401 unless he can establish that, *through no fault of his own*, the claimed error of fact was not made available to the trial court in the initial proceeding. (See *Brockmeyer v. Duncan* (1960), 18 Ill. 2d 502, 505.) A section 2—1401 petition is not intended to relieve a party from the consequences of his own negligence or mistake. *Brockmeyer*, 18 Ill. 2d at 505; *In re Marriage of Carlson* (1981), 101 Ill. App. 3d 924, 929.

■ It was Barbara's fault the fair-market value of the stock was not presented to the trial court in the initial action. There was no established misrepresentation or dishonesty by Edwin. Edwin's actions in no way necessitated the section 2—1401 proceedings. We find that

it was Barbara who precipitated the legal proceedings in this matter. It was Barbara who sought to vacate a prior judgment. As it is not clear to this court Barbara was unable to pay her attorney fees, and we have found it was Barbara who initiated the instant proceedings, we determine the trial court did not abuse its discretion in denying Barbara's request for attorney fees.

For the foregoing reasons, the decision of the trial court in granting Barbara's section 2—1401 petition is not reviewable by this court. The decision by the trial court concerning attorney fees is affirmed. The court's distribution of the proceeds of the sale of the Dur-O-Wal stock is reversed, and the cause is remanded to the trial court for the determination of the proper distribution of the proceeds from the sale of the Dur-O-Wal stock based upon section 503 given the value ascribed to the stock by the trial court of $2,002,500 in the prior proceedings.

Affirmed in part; reversed in part and remanded.

DUNN and NICKELS, JJ., concur.